RECEIVED CLERK

JUL 19 2010

U.S. DISTRICT COURT

FILED IN UNITED STATES DISTRICT
COURT, DISTRICT OF UTAH

JUL 26 2010

D. MARK JONES, CLERK
BY_____
DEPUTY CLERK

Damon Crist
Attorney Pro Se
Utah State Prison
P.O. Box 250
Draper, Utah  84020

## IN THE UNITED STATES DISTRICT COURT, DISTRICT OF UTAH
## CENTRAL DIVISION

| | |
|---|---|
| DAMON CRIST,<br><br>  Plaintiff,<br><br>v.<br><br>DR. KENNON TUBBS, Physician at the Utah State Prison, individually;<br>WESLEY SHUMAN, Med-Tech at the Utah State Prison, individually;<br>CHRISTOPHER BEST, Med-Tech at the Utah State Prison, individually;<br>FORD FANNEN, Med-Tech, at the Utah State Prison, individually;<br>JAMES OLIN, Sergeant, at the Utah State Prison, individually;<br>BILLIE CASPER, Grievance Coordinator at the Utah State Prison, individually;<br>WILLIAM MORELL, Sergeant, at the Utah State Prison, individually;<br>JOHN DOES 1-10, employees at Utah State Prison, individually,<br><br>  Defendants. | Case: 2:10cv00675<br>Assigned To : Stewart, Ted<br>Assign. Date : 7/19/2010<br>Description: Crist v. Tubbs et al.<br><br><br>CIVIL RIGHTS COMPLAINT AND<br>DEMAND FOR JURY TRIAL |

## JURISDICTION

1. Damon Crist, is a citizen of Utah, who presently resides at the Utah State Prison, P.O. Box 250, Draper, Utah 84020.

2. Defendant Dr. Kennon Tubbs, is a citizen of Utah, and is employed as a Medical Doctor at the Utah State Prison for the Utah Department of Corrections. At the time the claim(s) alleged in this complaint arose, this defendant was acting under color of state law in that he is a Medical Doctor at the Utah State Prison for the Utah Department of Corrections and is directly responsible for the wrongful actions alleged herein.

3. Defendant Wesley Shuman, is a citizen of Utah, and is employed as a Med-Tech at the Utah State Prison for the Utah Department of Corrections. At the time the claim(s) alleged in this complaint arose, this defendant was acting under color of state law in that he is a Med-Tech at the Utah State Prison for the Utah Department of Corrections and is directly responsible for the wrongful actions alleged herein.

4. Defendant Christopher Best, is a citizen of Utah, and is employed as a Med-Tech at the Utah State Prison for the Utah Department of Corrections. At the time the claim(s) alleged in this complaint arose, this defendant was acting under color of state law in that he is a Med-Tech at the Utah State Prison for the Utah Department of Corrections and is directly responsible for the wrongful actions alleged herein.

5. Defendant Ford Fannen, is a citizen of Utah, and is employed as a Med-Tech at the Utah State Prison for the Utah Department of Corrections. At the time the claim(s) alleged in this complaint arose, this defendant was acting under color of state law in that he is a Med-Tech at the Utah State Prison for the Utah Department of Corrections and is directly responsible for the wrongful actions alleged herein.

6. Defendant James Olin, is a citizen of Utah, and is employed as a Sergeant at the Utah State Prison for the Utah Department of Corrections. At the time the claim(s) alleged in this complaint arose, this defendant was acting under color of state law in that he is a Sergeant for the Utah Department of Corrections and is directly responsible for the wrongful actions alleged herein.

7. Defendant Bille Casper, is a citizen of Utah, and is employed as the Grievance Coordinator at the Utah State Prison for the Utah Department of Corrections. At the time the claim(s) alleged in this complaint arose, this defendant was acting under color of state law in that he is the Grievance Coordinator at the Utah State Prison for the Utah Department of Corrections and is directly responsible for the wrongful actions alleged herein.

8. Defendant William Morrell, is a citizen of Utah, and is employed as a Sergeant at the Utah State Prison for the Utah Department of Corrections. At the time the claim(s) alleged in this complaint arose, this defendant was acting under color of state law in that he is the Grievance Coordinator at the Utah State Prison for the Utah Department of Corrections and is directly responsible for the wrongful actions alleged herein.

9. Defendant John Does 1-10, whose true names are unknown and when true names are ascertained the pleadings will be amended accordingly, are citizens of Utah, and are employed at the Utah State Prison. At the time the claim(s) alleged in this complaint arose, these defendants were acting under color of state law in that they are employees for the Utah Department of Corrections and are directly responsible for wrongful actions alleged herein.

10. Jurisdiction is invoked pursuant to 28 U.S.C. Sec. 1343 (3); 42 U.S.C. 1983. This Court has jurisdiction over plaintiff's federal claims pursuant to 28 U.S.C. §§1331 and 1343(3), as deprivations of rights created under the United States Constitution. Plaintiff is pursuing a medical mal-practice claim under pendent jurisdiction. The doctrine of pendent jurisdiction gives the Court jurisdiction over the plaintiff's claim under the Utah Constitution.

### B. NATURE OF CASE

11. Plaintiff is an inmate housed at the Utah State Prison. On or about July 5, 2008, while incarcerated at the prison, plaintiff felt a pop and heard a popping sound when he lifted a stack of chairs while working for the prison. Plaintiff immediately felt pain in his lower back.

12. On or about July 7, 2008, when the pain became so extreme, plaintiff struggled to get out of bed, plaintiff submitted a medical request form to be seen by medical department.

13. When plaintiff had not been seen by medical staff, he submitted another medical request form on July 12, 2008, for emergency medical treatment.

14. By July 17, 2008, after still not receiving any medical treatment, plaintiff talked to Defendant Ford during pill line. Plaintiff told Defendant Ford about his injury and severe pain. Defendant Ford told plaintiff to come back to the pill line in the a.m. so the med tech will have all day to schedule him to be seen by a doctor.

15. On July 18, 2008, plaintiff showed up at the a.m. pill line and talked to Defendant Wesley Shuman. Plaintiff explained his injury and the severe pain he was experiencing to Defendant Wesley Shuman and asked for help. Defendant Wesley Shuman told the plaintiff to submit another medical request form. When Plaintiff explained to Defendant Wesley Shuman that he had submitted two medical requests forms over the previous two weeks and that he had talked to Defendant Ford, who told him to come back to the a.m. pill line, Defendant Wesley Shuman told the plaintiff that he had not scheduled an inmate to be seen by the doctor in over 5 years and he wasn't going to start now.

16. Plaintiff told Defendant Shuman that if he did not provide help or medical assistant, that he, plaintiff, would file a lawsuit against him. Defendant Shuman screamed for Defendant Olin to have the plaintiff removed from the pill line. Defendant Olin screamed in the plaintiff's face to get out of the pill line. Defendant Olin gave the plaintiff a negative C-Note for threatening Defendant Shuman.

17. Plaintiff received no medical treatment and continued to suffer severe pain in his back. On or about July 20, 2008, when Defendant Shuman was not manning the pill line, plaintiff

5

spoke with Defendant Best, explaining the injury and severe pain and requested medical treatment and to be seen by the doctor. Defendant Best informed the plaintiff he would schedule him immediately to see the doctor.

18. Plaintiff was not called to see the doctor, so later on the evening of July 20, 2008, plaintiff had his girl friend call the medical unit and was informed that no such request was ever made for plaintiff to be seen by the doctor.

19. On or about July 21, 2008, (2 weeks from the date of injury), plaintiff went to Lieutenant Kimber's office and explained the events. Lt. Kimber e-mailed the medical unit requesting that plaintiff be seen by the medical department. Plaintiff was denied medical attention until July 21, 2008 (16 days after injury). An x-ray was taken which showed a separation between the L-5/S-1 vertebra. An MRI procedure found L-5/S-1 disc bulge with mild encroachment on left side S-1 nerve root.

20. Plaintiff had to resort to filing a grievance to receive medical treatment, only to find out that his original request for emergency medical treatment had vanished from the computer. Plaintiff contends that he knows the original request was on the computer because he saw it when one of the med-techs checked to see when he was scheduled to see the doctor, but no date had been issued.

21. Further, plaintiff complains that his grievances are being delayed and then disqualified and denied for not being filed within a 7 day time frame. Plaintiff complains that

Defendant Casper holds the plaintiff's grievances, after he has submitted them within the allotted time, for an extended period of time before filing and then Defendant Casper disqualifies the grievance as not being filed within the policy guideline time frame. Defendant Casper uses this procedure to hinder and deny plaintiff due process and access to exhaust his administrative remedies. Thus, Defendant Casper is denying plaintiff due process and right to exhaust his administrative remedies and participating in retaliation against plaintiff to cause further harm to plaintiff.

22. Plaintiff complains that Defendant Olin displayed retaliation against the plaintiff after plaintiff filed a grievance against him regarding the pill line incident. On or about August 26, 2008, Defendant Olin arrived at plaintiff's housing unit to transport inmates for medical treatment. Defendant Olin yelled to Officer Smith, "have Crist ready at 1:00 and to put a fuckin muzzle on him, would you." Officer Smith asked why, and Defendant Olin stated, "because the pussy put a grievance in on me, take care of that would you?" Plaintiff felt threatened due to Defendant Olin's comments and destain against the plaintiff because of a grievance plaintiff filed. Plaintiff feared for his safety and well being and refused to be transported by Defendant Olin. Thus, plaintiff had to go without the needed medical treatment and physical therapy due to his fear of the retaliation by Defendant Olin. Defendant Olin has violated the plaintiff's constitutional rights to equal protection and to be free from cruel and unusual punishment.

23. After several attempts to receive medical treatment, plaintiff was finally given medication and physical therapy to alleviate the pain and suffering he was enduring. However, as a

result of plaintiff filing grievances and pursuing his administrative remedies, plaintiff's medication had been discontinued several times and plaintiff has experienced a relentless retaliation campaign by defendants.

24. As a result of plaintiff filing grievances and pursuing a lawsuit in order to receive adequate and necessary medical treatment, Defendant Dr. Tubbs has retaliated against the plaintiff by denying him medical treatment including reducing and discontinuing necessary medication. On or about February 20, 2009, Defendant Tubbs discontinued pain medication to inflict severe pain as a punishment due to plaintiff pursuing a lawsuit. On or about April 30, 2009, Defendant Tubbs again discontinued plaintiff's pain medication as a punishment due to plaintiff filing a complaint against Defendant Dr. Tubbs, with the Utah Division of Commerce, Division of Occupational and Professional Licensing,

25. Plaintiff wrote several letters to Dr. Garden and requested that he intervene and look into Plaintiff's medical needs and concerns with Dr. Tubbs denying plaintiff adequate medical treatment.

26. Plaintiff has attempted to resolve his medical issue by submitting several ICR forms to be seen by a different doctor. Plaintiff wrote a letter to the Attorney General's Office requesting help. In turn the Attorney General's office sent Dr. Garden the letter and requested that plaintiff be allowed to be seen by a different doctor. On March 10, 2009. Plaintiff was allowed to see Dr. Roberts who reinstated plaintiff's medication immediately. Plaintiff was informed by Dr. Roberts,

that Defendant Dr. Tubbs called the infirmary and told Dr. Roberts not to reinstate plaintiff's medication.

    27.    On or about March 11, 2009, Defendant Dr. Tubbs conducted a seminar for pain management. Defendant Dr. Tubbs told the group about Plaintiff's grievance issues and made it appear that the reason for all of the changes being made to the medical policy and medications was due to plaintiff's grievance. After the seminar, plaintiff was approached by Defendant Dr. Tubbs who informed the plaintiff that he was going to receive a medication that the levels could be monitored through urine analysis. Plaintiff was informed by Defendant Dr. Tubbs that if there was any variation in the levels of medication the medication would be terminated permanently. Plaintiff complains that Defendant Dr. Tubbs is acting out of malice and retaliation for plaintiff exercising his rights to receive adequate and necessary medical treatment and medication. Plaintiff has never had a problem with any type of medication issue at the prison and Defendant Dr. Tubbs is accusing the plaintiff of misuse of the medication that plaintiff has received. Plaintiff considers Defendant Dr. Tubbs' accusations and actions as pure harassment and retaliation.

    28.    On or about March 30, 2009, plaintiff was called to medical for a blood draw. Upon arrival, plaintiff was informed that he needed to give a urine sample. Plaintiff was unable to produce a urine sample. After approximately 15 minutes the nurse apologized and told the plaintiff that she would contact the provider and see if the blood draw would be sufficient and allowed the plaintiff to leave.

29. Plaintiff was informed by Defendant Tubbs that his treatment consisted of having urinalysis testing done to determine the level of medication plaintiff would be allowed to have. Plaintiff was informed if he refused the testing his medication would be stopped. Plaintiff and the nurse explained to Defendant Dr. Tubbs what had happened and Defendant Dr. Tubbs backed off, but still impressed upon the plaintiff his dislike for the plaintiff and that he was going to make it as difficult as possible for the plaintiff to continue with his medications. Further, Defendant Dr. Tubbs blamed the plaintiff for other inmates requesting and expecting adequate medical treatment. Moreover, Defendant Tubbs informed plaintiff that he heard from other inmates that plaintiff was helping them sue medical. Since Defendant Tubbs was unsuccessful in lower plaintiff's medication dose based on the urinalysis testing he used the allegation that plaintiff was assisting other inmates regarding medical issues. Plaintiff complains that Defendant Tubbs was looking for any reason to reduce the level of medication plaintiff was receiving.

30. Plaintiff complains that Defendant William Morrell made a false report against the Plaintiff abusing his medication. Defendant Morrell reportedly called Defendant Dr. Tubbs and told him that the Plaintiff was caught selling pills so plaintiff's medication was stopped and he was transferred from the Promontory Facility. However, documentation submitted by Defendant Morrell states that he did not report what Defendant Dr. Tubbs claimed. Thus, one of the defendants Dr. Tubbs or Morrell are misrepresenting the truth in this matter. Plaintiff claims that this is not

true. Plaintiff graduated from the program at the Promontory Facility and his housing assignment was moved.

31.     On or about April 30, 2009, Defendant Tubbs again discontinued Plaintiff's medication for mere retaliation against the plaintiff, and it appears as a result of Defendant Morrell's report.

32.     On or about May 5, 2009, plaintiff was informed by Defendant Tubbs that the Office of Professional Licensing was investigating him as a result of Plaintiff's complaints. Defendant Dr. Tubbs threatened plaintiff that he would never receive any type of medication or medical treatment again.

33.     Plaintiff believes that he is being retaliated against for exercising his constitutional rights to be free from cruel and unusual punishment by requesting adequate medical treatment for his condition and his fifth and fourteenth amendment rights to due process when filing grievances. Plaintiff has suffered emotional damages due to the actions of the Defendants.

34.     As a result of the defendants' actions plaintiff's rights have been violated and he is entitled to punitive damages.

### C. CAUSE OF ACTION

35.     Plaintiff alleges that the following constitutional rights, privileges or immunities have been violated and that the following facts form the basis for the allegations:

A. Count I: Plaintiff's Fifth and Fourteenth Amendment rights to due process of law is being denied based upon the plaintiff's grievances being denied and delayed by Defendant Casper and the grievances not processed by the grievance department resulting in lack of exhaustion of administrative remedies.

B. Count II: Plaintiff's Eighth Amendment right to be free from cruel and unusual punishment has been violated by all Defendants actions in that they deliberately and with malice forethought denied him medical treatment for several weeks for a serious back injury and medical condition. In addition, plaintiff has suffered mental and emotional injury due to defendants' actions.

C. Count III: Plaintiff's Eighth Amendment right to be free from cruel and unusual punishment has been violated by Defendants' Tubbs, in that he personally retaliated against the plaintiff by denying and taking plaintiff's medication because Defendant Tubbs was informed that a complaint had been filed with the Division of Professional Licensing against him by the Plaintiff. Further, Defendant Tubbs was informed and knew that plaintiff was going to file a lawsuit against him. Additionally, Defendant Tubb's retaliated against the plaintiff by lowering the dose of his medication, claiming that plaintiff was caught selling the medication and tried to have the other medical doctors at the prison not treat and prescribe the plaintiff any medication. Defendant Tubbs clearly was retaliating against the plaintiff for pursing his medical claims.

D. Count IV: Plaintiff's Eighth Amendment right to be free from cruel and unusual punishment in that Defendant Morrell, with malice intent, accused the plaintiff of selling drugs resulting in his being subjected to disciplinary action and his medication being denied by Defendant Tubbs and attempting to manipulate the medical staff into not providing medical treatment to the plaintiff as a form of retaliation for plaintiff pursuing his medical claims and

constitutional rights. Defendant Morrell was negligent in his duties as an officer of the housing unit where plaintiff was housed in that he falsely accused the plaintiff of actions resulting in plaintiff being adequate medical treatment.

  E. Count V: Plaintiff's Eighth Amendment right to be free from cruel and unusual punishment was violated by Defendant Olin, with malice intent, attempted to manipulate the plaintiff's medical treatment by accusing him of harassing the medical technician when plaintiff tried to get medical treatment for his injury.

  F. Pendent Jurisdiction is invoked pursuant to Article I Section 9 of the Utah Constitution in that cruel and unusual punishments inflicted and persons arrested or imprisoned shall not be treated with unnecessary rigor.

### D. PREVIOUS LAWSUITS AND ADMINISTRATIVE RELIEF

36. Plaintiff has not filed any other law suits in state or federal court dealing with the same facts involved in this action.

37. Plaintiff has previously sought informal or formal relief from the appropriate administrative officials regarding the acts complained of herein to no avail.

### E. REQUEST FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

  a) Trial by jury.

  b) That counsel be appointed to represent the Plaintiff in this action.

   c)  Punitive damages in the amount of a minimum of $50,000.00 and maximum to be determined at trial.

   d)  Compensatory damages in the amount of a minimum of $50,000.00 and maximum to be determined at trial.

   e)  Grant attorney fees and court costs for this action.

   f)  Plaintiff requests that an injunction be issued in which plaintiff's medication and medical treatment be reinstated.

   g)  Such other and further relief the court deems just and proper.

DATED this _12_ day of _July_, 2010.

_____
DAMON CRIST
Plaintiff

## DECLARATION UNDER PENALTY OF PERJURY

The undersigned declares under penalty of perjury that he is the plaintiff in the above action, that he has read the above complaint and that the information contained therein is true and correct. 28 U.S.C. Sec. 1976. 18 U.S.C. Sec. 1621.

EXECUTED at _U.S.P._ on _July 12_, 2010.

_____

14